IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE MUNN                                                                                    PLAINTIFF

v.                                            Civil No. 4:22-cv-04121

SHERIFF JAMES SINGLETON;
JAIL ADMINISTRATOR JAMES WISE;
GUARD KADAO; GUARD MIKEY MIKE;
OFFICER BUSH; OFFICER HARRIS;
DEPUTY JAMES SINGLETON;
PROSECUTOR BEN HALE;
ATTORNEY JAMES STAYTON;
JUDGE DUNCAN CULPEPPER; and ANN JOHNSON                          DEFENDANTS

**ORDER**

Plaintiff, Willie Munn, originally filed this 42 U.S.C. § 1983 action *pro se* on December 14, 2022. (ECF No. 1). Along with his Complaint, Plaintiff submitted an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2). The Court provisionally filed the Complaint. (ECF No. 3). Currently before the Court is Plaintiff's failure to comply with orders of the Court.

Upon review of Plaintiff's Complaint and IFP application, the Court determined Plaintiff was ineligible for IFP status pursuant to the "three strikes" rule in 28 U.S.C. § 1915(g). (ECF No. 3). On December 14, 2022, the Court provided Plaintiff with a list of his previous strike cases and directed Plaintiff to advise the Court: (1) why he does not believe each of the previous cases constitute a strike within the meaning of 28 U.S.C. § 1915(g); or (2) why he believes the three strike rules does not apply to the instant Complaint. (ECF No. 3). Plaintiff's response was due on January 4, 2023. Plaintiff has not responded. The Order directing a response has not been returned as undeliverable.

On January 13, 2023, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to Respond to the Court's December 14, 2022 Order. (ECF No. 5). Plaintiff's

response was due February 3, 2023.  *Id.*  The Show Cause Order was not returned as undeliverable.

To date, Plaintiff has not responded.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to
> monitor the progress of the case, and to prosecute or defend the action diligently.
> . . . If any communication from the Court to a *pro se* plaintiff is not responded to
> within thirty (30) days, the case may be dismissed without prejudice.  Any party
> proceeding *pro se* shall be expected to be familiar with and follow the Federal
> Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a

case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the

district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b),

a district court has the power to dismiss an action based on "the plaintiff's failure to comply with

*any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders.  Therefore, pursuant to Federal Rule of

Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 1st day of March, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge